**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KARLA YANETH LOPEZ-SALGUERO, | No. 19-72675 |
| Petitioner, | Agency No. A201-425-408 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 13, 2020[**]
San Francisco, California

Before: GRABER and BRESS, Circuit Judges, and DAWSON,[***] District Judge.

Petitioner Karla Lopez-Salguero, a native and citizen of El Salvador, seeks

review of the Board of Immigration Appeals' ("BIA") final order affirming the

immigration judge's ("IJ") denial of her request for asylum, withholding of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert T. Dawson, United States District Judge for the Western District of Arkansas, sitting by designation.

removal, and relief under the Convention Against Torture ("CAT"). Before us, Petitioner challenges only the denial of her request for asylum and withholding of removal. Any challenge to the denial of CAT relief is therefore waived. We grant the petition for review and remand.

The BIA erred by ruling that Petitioner did not raise the proposed particular social group of "Salvadoran women unable to leave a domestic relationship" before the IJ. See Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir. 2005) ("IJs and the BIA are not free to ignore arguments raised by [a party]."). On her I-589 application, Petitioner identified her fear of harm and reason for leaving El Salvador as: "My ex partner beat me for many years. I am afraid my ex partner will beat, torture, or kill me because I am a woman and they think I am their property." Petitioner testified at her merits hearing that, after a violent encounter with her former partner, she fled her town in El Salvador, stating " I wanted to escape but he wouldn't let me." Petitioner also attempted to submit documentary evidence regarding domestic violence in El Salvador. Given that Petitioner was pro se at her merits hearing, those efforts sufficed to raise the claim before the IJ. Agyeman v. INS, 296 F.3d 871, 877 (9th Cir. 2002) ("[W]hen the alien appears pro se, it is the IJ's duty to fully develop the record." (internal quotation marks omitted)); see also Matter of J-F-F-, 23 I&N Dec. 912, 922 (A.G. 2006) ("It is

2

appropriate for [IJs] to aid in the development of the record, and directly question witnesses, particularly where an alien appears pro se . . . .").

Nevertheless, the IJ did not address a social group claim based on Petitioner's inability to leave a domestic relationship, either at the merits hearing or in his opinion. Because the IJ did not develop the record regarding that question and because there is a factual dispute that the IJ did not resolve as to whether Petitioner was able to leave the relationship successfully, the BIA's alternative ruling that Petitioner is not a member of such a group constituted improper factfinding. 8 C.F.R. § 1003.1(d)(3)(iv); see Rodriguez v. Holder, 683 F.3d 1164, 1170 (9th Cir. 2012) ("Where the IJ has not made a finding of fact on a disputed matter, and such a finding is necessary to resolution of the case, the BIA must remand to the IJ to make the required finding; it may not conduct its own fact-finding.").

Accordingly, we grant the petition as to Petitioner's claims for asylum and withholding of removal and remand for the agency to develop the record on Petitioner's claim that she is a member of the particular social group "Salvadoran women unable to leave a domestic relationship." See Coronado v. Holder, 759 F.3d 977, 987 (9th Cir. 2014) (noting that this court must remand to the agency to

consider a claim in the first instance).  Because we remand for further proceedings, we need not reach Petitioner's other arguments.

**PETITION FOR REVIEW GRANTED; REMANDED.**